IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASMINE BROOKS individually and on behalf of all others similarly situated<br><br>　　　　Plaintiff,<br>v.<br><br>PHILIPS NORTH AMERICA LLC and PHILIPS RS NORTH AMERICA LLC and VITOR ROCHA<br><br><br>　　　　Defendants. | Civil Action No.:<br><br>FLSA ACTION<br><u>Jury Trial Demanded</u> |

## **PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff Jasmine Brooks (hereinafter "Named Plaintiff") individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their undersigned attorneys, and brings this collective action against Defendants Philips North America LLC ("Philips NA"), Philips RS North America LLC ("Philips RS"), and Vitor Rocha (collectively "Defendants"), they do hereby state and allege as follows:

### **INTRODUCTION**

1. The case implicates Defendants' violations of the Fair Labor Standards Act's ("FLSA") overtime violations and subsequent underpayment of their hourly paid employees. Defendant's failed to pay Plaintiff and all similarly situated workers all of their earned overtime wages. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. 216(b).

## SUBJECT MATTER JURISDICTION AND VENUE

2. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), et. seq.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged. In particular, Plaintiffs worked for Defendant in this District and were denied the wages he is owed in this District. Thus, Plaintiff was harmed in this District.

## PARTIES AND PERSONAL JURISDICTION

4. Named Plaintiff Jasmine Brooks is an individual who worked for Defendants. Her written consent to this action is attached hereto as Exhibit "A."

5. Plaintiff Tierra Veney is another individual who worked for Defendants. Her written consent to this action is attached hereto as Exhibit "B."

6. The Collective Members are all current and former hourly paid employees who worked for Defendant for at least one week during the three-year period prior to the filing of this action to the present.

7. Koninklijke Philips N.V. ("Royal Philips") is a public limited liability company established under the laws of The Netherlands, having its principal executive offices at Philips Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands. Royal Philips is the parent company of Philips North America LLC, Philips Holding USA, Inc. ("PHUSA"), Philips RS North America LLC, and Philips RS North America Holding Corporation.

8. Defendant Philips North America LLC ("Philips NA") is a Delaware corporation with its principal place of business located at 222 Jacobs Street, Floor 3, Cambridge, Massachusetts 02141.

Upon information and belief, Philips NA enjoyed yearly gross revenues exceeding $883 million and manages the operation of Royal Philips' various lines of North American business, including Philips RS North America LLC ("Philips RS"). Philips NA is a wholly-owned subsidiary of Royal Philips. The sole member of Philips NA is PHUSA, which is a Delaware corporation with its principal place of business located at 222 Jacobs Street, Floor 3, Cambridge, Massachusetts 02141. Philips NA may be served through its registered agent at, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

9. Defendant Philips RS North America LLC ("Philips RS") is a Delaware corporation with its principal place of business located at 6501 Living Place, Pittsburgh, PA, 15206. Various lines of business of RS North America LLC are managed by Philips NA.  Philips RS and is wholly owned by a single member, Philips RS North America Holding Corporation.  Accordingly, Philips RS North America LLC is a citizen of Pennsylvania and Delaware. Philips RS North America LLC may be served through its registered agent at, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

10. Vitor Rocha is a natural person and Chief Executive Officer of Philips North America LLC. Rocha exercised control over Defendants' business operations. Rocha acted directly or indirectly on behalf of Defendants, and, at all times mentioned herein, was an "employer" or joint employer of Plaintiffs within the meaning of the FLSA.  Defendant Rocha may be served at 222 Jacobs Street, Floor 3, Cambridge, Massachusetts 02141.

11. Defendants operate the call center facility located 13560 Morris Road Alpharetta, Georgia, where Named Plaintiff is employed.

12.  At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

## COVERAGE

13. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

14. At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.

15. At all material times, Plaintiff was an employee engaged in the commerce or the production of goods for commerce.

## FACTS

16. Defendants is a global healthcare technology company that operates facilities in 82 locations worldwide, including a call center located 13560 Morris Road Alpharetta, Georgia.  The call center responds to customer inquiries regarding Defendant's various products and services; including diagnostic imaging, image-guided therapy, patient monitoring and health informatics, as well as in consumer health and home care.

17. Defendants' Customer Service Representatives are paid a starting hourly rate of approximately $24 to handle calls from customers regarding equipment failure, create work orders and act as a liaison between the customer and Defendants' technical support teams.

18. Named Plaintiff worked as a Customer Service Representative in Defendants' call center located in Alpharetta, GA, with at least 50 other Customer Service Representatives and other hourly paid workers. Named Plaintiff regularly communicates with other Customer Service Representatives and other hourly paid employees, and has personal knowledge that many of them, like herself, have not received their overtime pay since December 5, 2021.

19. Defendants asked Plaintiffs and all its hourly paid employees to track their time using an excel spreadsheet template provided by Defendants, while Defendants allegedly worked to address security problems with their Kronos payroll system.  Despite Plaintiffs' compliance with Defendants request that they track their overtime hours on spreadsheets, Plaintiffs still have not been paid the overtime they earned for the last three bi-weekly pay periods.

20.  Named Plaintiff typically works over 55 hours per week, and given the demands of the Customer Service Representative job, she regularly works during her lunch hour.

21.  Because Named Plaintiff works from home, Defendants monitor her work hours electronically when she logs on and off the company platform.  Since the payroll spreadsheet is not completed on the company platform,  Defendants have not included the approximately 30 minutes each pay that she now spends preparing her payroll spreadsheet.  During the past three pay periods, the additional work of preparing the spreadsheets has added approximately 3 hours to the overtime she was not paid.

22.   Defendants hourly paid workers have not been paid overtime wages since the period ending on December 5, 2021.   Named Plaintiff was not paid for 10 hours of overtime she worked in the pay period ending on December 19, 2021.  The following pay period ending on January 2, 2022, she was not paid for 12 hours overtime and 16 hours of holiday pay. The next pay period ending on January 21, 2022,  she was not paid for 11 hours of overtime, and the $500 incentive bonus she was due.  She was also not paid for

23. Named Plaintiff was also not paid for the approximately 50 hours she spent working during her lunch breaks since I started working for Defendants on July 19, 2021.

24. In total, Named Plaintiff is owed at least $$7,192 in unpaid overtime, unpaid holiday time and an unpaid incentive bonus, and liquidated damages.

25. When Plaintiffs and their colleagues complained, Defendants prohibited them from discussing their unpaid overtime during work hours and informed them that they will not likely be paid overtime owed until mid February 2022, with no assurances that they would not be paid later than February 2022.

26. Plaintiffs, and similarly situated employees literally live check to check and Defendants withholding of their overtime income is causing them to experience substantial financial hardships, including falling behind on bills and facing evictions, motor vehicle repossessions and home foreclosures.

27. Named Plaintiff loss of income has resulted in her falling behind and she has received an eviction notice. Her internet service was also discontinued.

28. As such, Plaintiffs and the FLSA Collective Members were not fully compensated for all of the hours they worked at the federally mandated overtime rate of 1.5 their regular rate.

29. Defendants knew or should have known that its policies and practices violate the law, and Defendant has not made a good faith effort to comply with the FLSA.

30. Defendants acted knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out an illegal pattern and practice regarding its hourly employees.

**COLLECTIVE ACTION ALLEGATIONS**

31. Named Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant as hourly workers for at least one week during the three-year period prior to the commencement of this action to the present.

32. Named Plaintiff has actual knowledge, through conversations with her coworkers, that a collective of similarly situated hourly workers exists who have been subjected to the same policies and practices of Defendants with respect to the payment for overtime hours worked.

33. The FLSA Collective Members are similarly situated to Named Plaintiff in that they are hourly workers being paid in the same manner for substantially the same work, and are being subjected to the same overtime practices that violate the FLSA.

34. Plaintiffs and the FLSA Collective Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

35. The names and address of the FLSA Collective Members of the are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

36. Although the exact amount of damages may vary among the FLSA Collective Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

37. As such, the class of similarly situated Collective Members is properly defined as follows:

> **All current and former hourly employees who worked for Defendants for at least one week during the three year period prior to the date the Court grants conditional certification to the present.**

## CAUSE OF ACTION

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS
### FAILURE TO PAY THE OVERTIME WAGE

38. All previous paragraphs are incorporated as though fully set forth herein.

39. "Overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends." 29 C.F.R. § 778.106.

40. A cause of action under the FLSA for unpaid overtime compensation and for liquidated damages "accrues" when the employer fails to pay the required compensation for any workweek at the regular payday for the period in which the workweek ends." 29 C.F.R. § 790.21(b)

41. Untimely payment of FLSA-required wages in itself violates the FLSA, even if the wages are eventually paid.

42. Despite the alleged difficulties experienced with Defendants payroll system, it was possible to determine overtime compensation owed to Plaintiffs via the spreadsheets Defendants collected from Plaintiffs and similarly situated employees. Therefore, computer payroll system deficiencies are no excuse for Defendants' failure to pay its employees overtime wages in a timely manner. See *Souryavong v. Lackawanna Cty.,* No. 3:CV-13-1534, 2015 WL 3409472, at *7 (M.D. Pa. May 27, 2015) (employer's reliance on a computerized payroll system that did not properly account for overtime did not excuse the employer from paying its employees overtime wages as required under the FLSA.)

43. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiffs in accordance with §§ 203, and 207 of the FLSA.

44. Defendants' Customer Service Representatives and other hourly workers are not exempt employees under FLSA.

45. Defendants were well aware that it could not lawfully withhold its employees earned overtime pay because they were recently sued for overtime violations in 2019.

46. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' overtime compensation.

47. As a result of the unlawful acts of Defendant, Plaintiff was deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## JURY DEMAND

48. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

49. For these reasons, Plaintiffs respectfully requests that judgment be entered in their favor awarding them and the Collective Members:

   a. Overtime wages owed;

   b. Bonus payments owed;

   c. Liquidated damages;

   d. An order conditionally certifying this matter as a collective action;

   e. An order requiring Defendants to correct its pay practices going forward;

   f. Reasonable attorney's fees, costs, and expenses of this action;

g. Pre-judgment interest (to the extent liquidated damages are not awarded) and post h. udgment interest; and

h. Such other and further relief to which Plaintiff and the Collective Members may be entitled, both in law and in equity.

Respectfully submitted,

/s/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
T: (470) 207-1559
F: (470) 231.0672
alizana@attorneylizana.com

Taft L. Foley II
The Foley Law Firm
(*APPLYING TO BE ADMITTED PRO HAC VICE*)
3003 South Loop West, Suite 108
Houston, Texas, 77002
T: (832) 778-8182
F: (832) 778-8353
taft.foley@thefoleylawfirm.com

***Attorneys for Plaintiff and Collective Members***